IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,            No. CIV S-08-1319-CMK-P

    Plaintiff,

  vs.                              ORDER

A. SCHWARZENEGGER, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names the following as defendants: Schwarzenegger, N. Grannis, T. Felker, D. Christie, T. Robertson, M. Wright, M.D. McDonald, the Director of the California Department of Corrections and Rehabilitation, and Does one through ten. Plaintiff states that he brings this action on behalf of himself and a class of similarly situated disabled inmates.[1] Plaintiff asserts Eighth Amendment claims based on alleged deliberate indifference to medical needs and seeks prospective injunctive relief and $25,000,000.00 in damages for "past, present, and future pain & suffering.".

Plaintiff states that, when an alarm is activated, he is required to "bend, squat, and sit on the ground" or remain seated. He further states that when an alarm was activated on March 15, 2008, he was standing near a trash can and "designated White inmate table" and, instead of getting on the ground or sitting at the table, he "chose to sit down immediately on the trash can to get out of the officer's way." He asserts that he could not sit at the table because he is Black and sitting at the White inmate table would have been against "prison politics." According to

---

[1] This lawsuit is brought by plaintiff as a class action. Because plaintiff is a non-attorney proceeding pro se, he cannot represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). Further, because plaintiff is incarcerated, he cannot "fairly and adequately protect the interests of the class," as required by Federal Rule of Civil Procedure 23(a)(4). This action, therefore, will not be construed as a class action but will be construed as an individual civil suit brought by plaintiff.

plaintiff, all "mobility impaired" inmates, including plaintiff,[2] were ordered to get on the ground. He states that, when he asked for assistance to get down to the ground, "he was met with laughter" and that he was told by "attending officers" that they were not required to help him get on the ground.

Following this incident, plaintiff filed a request for reasonable accommodation "contesting the order to get down on the ground." He states that on March 27, 2008, he was interviewed by correctional sergeant Marsh and correctional counselor Jackson and "learned that the CDCR's provisions for ADA inmates in these circumstances is 'OP #612" which "affirmatively assert that correctional staff must help ADA inmates down, if they cannot get down on their own." Plaintiff adds that "staff members also confirmed that the policy was to allow ADA inmates to sit at tables." He states that Marsh "fraudulently stated on the record that the Plaintiff was standing next to a table and chose to stand instead of sitting at the table." According to plaintiff, his request for accommodation was denied based on this lie.

Plaintiff filed a second level grievance on April 8, 2008, which was denied on April 15, 2008, by defendant Robertson. Plaintiff alleges that defendant Robertson "chose to continue the sergeant's response by asserting that Plaintiff Claiborne was standing and using that intentional lie to deny the Plaintiff's request." He claims that defendants Wright, McDonald, and Felker were made aware of the situation and "chose to approve, continue, and/or tacitly authorize the fraudulent staff responses." Plaintiff states that, while defendants "conceded that 'he may ask for assistance from staff if necessary,'" defendants' conduct violated the Eighth Amendment. He asserts that defendants should be required to provide him the accommodation of "being allowed to sit in seats or stand out of the way."

///

///

---

[2] Plaintiff states that he underwent total knee replacement surgery in March 2007 and was engaged in physical therapy in March 2008.

3

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

### Claims for Prospective Injunctive Relief

Plaintiff asserts that defendants should be ordered to provide him the accommodation in the future of "being allowed to sit in seats or stand out of the way" if an alarm is called. However, according to the facts alleged by plaintiff, current policy already provided that disabled inmates may sit at nearby tables. Thus, the prospective accommodation he seeks is already in place. To the extent plaintiff's claim is based on the his allegation that defendants denied his accommodation request based on the "fraudulent" belief that he was standing next to a table when the alarm sounded on March 15, 2008, the facts alleged by plaintiff indicated that he was, in fact, standing next to a table but nonetheless chose not to sit there as allowed by prison regulations. It does not appear that these defects in plaintiff's claims for prospective injunctive relief can be cured through amendment.

### Claims for Damages

Plaintiff also appears to seek money damages for "past . . . pain & suffering" resulting from the March 15, 2008, incident where he was ordered down to the ground even though he is mobility impaired. Any such claims must necessarily be based either on: (1) the refusal of correctional officers to allow him to sit at the table allegedly designated for White inmates; or (2) the refusal of correctional officials to help him to the ground. Plaintiff, however, does not say which defendants were involved in the March 15, 2008, incident. Instead, he refers only to "staff" and "attending officers."

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

It is possible that plaintiff can assert additional factual allegations as to the involvement of the named defendants in the March 15, 2008, incident. He will, therefore, be provided an opportunity to amend the complaint.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: September 15, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE