IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,    No. CIV S-08-1319-CMK-P

    Plaintiff,

  vs.    ORDER

A. SCHWARZENEGGER, et al.,

    Defendants.

                        /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction and no defendants have been served.

        Pending before the court is plaintiff's response to the court's October 29, 2008, order to show cause why the first amended complaint should not be dismissed. Plaintiff's factual allegations are set forth in the court's order to show cause and will not be repeated here. Plaintiff names the following as defendants: Schwarzenegger, N. Grannis, T. Felker, D. Christie, T. Robertson, M. Wright, M.D. McDonald, the Director of the California Department of Corrections and Rehabilitation, and Does one through ten. Plaintiff asserts Eighth Amendment claims based on alleged deliberate indifference to medical needs and seeks prospective injunctive

1

relief and money damages. In the order to show cause, the court stated as follows regarding the first amended complaint:

> Plaintiff's amended complaint continues to suffer from defects noted in the court's September 16, 2008, order addressing the original complaint. Specifically, as to plaintiff's request for prospective injunctive relief, the court stated in the prior order:
>
>> Plaintiff asserts that defendants should be ordered to provide him the accommodation in the future of "being allowed to sit in seats or stand out of the way" if an alarm is called. However, according to the facts alleged by plaintiff, current policy already provided that disabled inmates may sit at nearby tables. Thus, the prospective accommodation he seeks is already in place. To the extent plaintiff's claim is based on the allegation that defendants denied his accommodation request based on the "fraudulent" belief that he was standing next to a table when the alarm sounded on March 15, 2008, the facts alleged by plaintiff indicated that he was, in fact, standing next to a table but nonetheless chose not to sit there as allowed by prison regulations. It does not appear that these defects in plaintiff's claims for prospective injunctive relief can be cured through amendment.
>
> Plaintiff continues to seek injunctive relief in the amended complaint. However, the documents attached to the amended complaint demonstrate that a reasonable accommodation is already in place. Specifically, OP #612 provides that mobility impaired inmates are specially identified with yellow vests and are able to ask for staff assistance. In this case, plaintiff alleges that he is mobility impaired and the grievance responses confirm that plaintiff has been issued a yellow vest. Thus, he is able to take advantage of OP #612 if necessary.
>
> Plaintiff also requests money damages. Again, this claim was also addressed in the prior order:
>
>> Plaintiff also appears to seek money damages for "past . . . pain & suffering" resulting from the March 15, 2008, incident where he was ordered down to the ground even though he is mobility impaired. Any such claims must necessarily be based either on: (1) the refusal of correctional officers to allow him to sit at the table allegedly designated for White inmates; or (2) the refusal of correctional officials to help him to the ground. Plaintiff, however, does not say which defendants were involved in the March 15, 2008, incident. Instead, he refers only to "staff" and "attending officers."
>> To state a claim under 42 U.S.C. § 1983, the

plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

It is possible that plaintiff can assert additional factual allegations as to the involvement of the named defendants in the March 15, 2008, incident. He will, therefore, be provided an opportunity to amend the complaint.

In the amended complaint, plaintiff still does not state which named defendants were responsible for either refusing to allow him to sit at the nearby table or refusing to provide assistance in getting on the ground. As with the original complaint, plaintiff refers only to "staff" and "attending officers." While he does mention specific conduct by correctional officer Albonico, this individual is not named as a defendant.

It is clear that plaintiff's claims against the specific named defendants are based solely on their roles as supervisory personnel. Plaintiff very specifically claims that defendants "were grossly reckless in the supervision of subordinate employees." Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff was advised in the prior order that, in order to state a claim, he must allege facts to link the named defendants to a constitutional violation. As indicated above, this requirement is also true for supervisory defendants. Despite having been apprised of the applicable legal principles, plaintiff seems to be either unable or unwilling

3

| | |
|---|---|
| 1 | to comply. |
| 2 | In his response to the order to show cause, plaintiff only addresses the court's discussion of |
| 3 | supervisory liability by asserting that he had intended to name Albonico as a Doe defendant but |
| 4 | neglected to do so. He does not address any of the other defects discussed by the court. He |
| 5 | requests only that he be allowed to file a second amended complaint which names Albonico. |
| 6 | Given that plaintiff did not respond to the court's discussion regarding his claim |
| 7 | for prospective injunctive relief, and given that he appears able to take advantage of OP #612 if |
| 8 | necessary, the court will dismiss plaintiff's injunctive relief claim. As to plaintiff's claim for |
| 9 | money damages against the named defendants, plaintiff has not addressed how they are linked to |
| 10 | any constitutional violation. Therefore, all defendants actually named in the first amended |
| 11 | complaint will be dismissed. However, because the first amended complaint did contain specific |
| 12 | allegations as against Albonico which would tend to show his personal involvement in an alleged |
| 13 | constitutional violation, and given plaintiff's response indicating that omission of Albonico as a |
| 14 | named defendant was an oversight, the court will permit plaintiff to file a second amended |
| 15 | complaint naming Albonico and unknown Doe defendants only. |
| 16 | Plaintiff is informed that, as a general rule, an amended complaint supersedes the |
| 17 | original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, all |
| 18 | claims alleged in the first amended complaint which are not alleged in the second amended |
| 19 | complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if |
| 20 | plaintiff files a second amended, the court cannot refer to any prior pleading in order to make |
| 21 | plaintiff's second amended complaint complete. See Local Rule 15-220. An amended complaint |
| 22 | must be complete in itself without reference to any prior pleading. See id. |
| 23 | For the reasons discussed above, plaintiff's second amended complaint should be |
| 24 | limited to his allegations against Albonico and any unnamed Doe defendants whose identities are |
| 25 | currently unknown. Plaintiff is not permitted leave to amend as to any individuals named as |
| 26 | defendants in the prior pleadings. Moreover, this action shall not proceed on any claim for |

prospective injunctive relief.  Finally, plaintiff is cautioned that failure to file a second amended complaint may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claim for prospective injunctive relief is dismissed;
2. Plaintiff's first amended complaint is dismissed with leave to amend;
3. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

DATED: December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE