IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GERALD CLAIBORNE, | No. CIV S-08-1319-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ALBONICO, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 16). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

Plaintiff names Albonico as the defendant to this action.[1]  As with the original complaint and first amended complaint, plaintiff states that he brings this action on behalf of a class of similarly situated inmates housed at High Desert State Prison.[2]  Plaintiff alleges the following facts:

1. On March 15, 2008, defendant Albonico, a correctional officer, ordered an unnamed "Doe" defendant correctional officer to "make all inmates sit on the ground due to an alarm which was activated on Facility B";

2. At that time, plaintiff, who is disabled and mobility-impaired and had underwent a total knee replacement one year earlier, was standing in front of the facility program office;

3. Defendant Albonico stepped out of the office and ordered unnamed "Doe" defendant correctional officers to "force . . . Plaintiff Claiborne and other disabled inmates to 'squat and sit' on the ground";

4. When plaintiff asked correctional officers for assistance getting to the ground, defendant Albonico "gave the order that they <u>may not</u> help Plaintiff Claiborne to the ground"; and

5. California Department of Corrections and Rehabilitation Operation Procedure ("OP") #612 provides that mobility-impaired inmates may obtain staff assistance getting to the ground in an emergency, or be relocated to a secure area.

Plaintiff claims that defendant's conduct constituted "deliberate indifference to his . . . serious medical needs. . . ."  Specifically, he appears to assert that defendant's order not to provide assistance getting to the ground despite his known disability caused him pain and suffering.  It is unclear, however, whether plaintiff ever got down on the ground on his own.  In prior pleadings, plaintiff stated that, due to his disability, he chose to stand near a trash can instead of getting down on the ground.  Given his current allegation that defendant's conduct caused him pain and

---

[1] Plaintiff also names various "Doe" defendants.  The Clerk of the Court will be directed to update the docket to reflect that Albonico is currently the only named defendant.

[2] Because plaintiff is a non-attorney proceeding pro se, he cannot represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  Further, because plaintiff is incarcerated, he cannot "fairly and adequately protect the interests of the class," as required by Federal Rule of Civil Procedure 23(a)(4).  This action, therefore, will not be construed as a class action but will be construed as an individual civil suit brought by plaintiff.

that he is mobility-impaired, a liberal reading of the current pleading suggests that he ultimately got down on the ground without any assistance.

The second amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to terminate Schwarzenneger, Grannis, Felker, Christie, Robertson, Wright, and McDonald as defendants to this action and to add Albonico as the only named defendant;

2. The court authorizes service on the following defendant(s):

ALBONICO;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the second amended complaint; and

///
///
///
///
///
///
///
///

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form(s); and

    d. Two copies of the endorsed second amended complaint.

DATED: February 19, 2009

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,  No. CIV S-08-1319-CMK-P

    Plaintiff,

  vs.

ALBONICO,

    Defendant.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;

    ____    completed USM-285 form(s); and

    ____    copies of the second amended complaint.

DATED: _____                      _____

                                                      Plaintiff