IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,    No. CIV S-08-1319-GEB-CMK-P

    Plaintiff,

  vs.    FINDINGS AND RECOMMENDATIONS

ALBONICO,

    Defendant.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 21). Defendant argues this action should be dismissed because plaintiff is disqualified from proceeding in forma pauperis. Alternatively, defendant argues that, should the court allow this action to proceed, he should be required to post security.

    As to plaintiff's in forma pauperis status, defendant cites 28 U.S.C. § 1915(g) which provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner was, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

1

1 is under imminent danger of serious physical injury.

2 Defendant asserts that plaintiff has three prior "strikes," referring to court records in <u>Claiborne v.

3 Chrones</u>, C.D. Cal. Case No. 04-CV-9095, <u>Claiborne v. Stevens</u>, N.D. Cal. Case No. 06-CV-

4 0212, and <u>Claiborne v. Arenas</u>, N.D. Cal. Case No. 02-CV-5025.[1] The first of these cases –

5 <u>Claiborne v. Chrones</u> – was a habeas corpus petition which was dismissed as successive and

6 frivolous. The other two cases were civil rights actions. Based on these three cases, defendant

7 argues that the burden shifts to plaintiff to establish why § 1915(g) should not apply.

8 The court finds that defendant has not met his initial burden of identifying three

9 qualifying "strikes" under § 1915(g). Specifically, a dismissed habeas petition does not count as

10 a "strike" under § 1915(g). <u>See</u> <u>Andrews v. King</u>, 398 F.3d 1113, 1122 (9th Cir. 2005). While

11 defendant attaches a PACER list of 14 cases plaintiff has filed in federal court, he does not

12 identify how those actions were resolved such that the court could conclude they should count as

13 "strikes."

14 Turning to defendant's alternative argument, he asserts that plaintiff should be

15 required to post security because he is a vexatious litigant. For a litigant to be declared

16 vexatious, the court must do four things: (1) ensure that the litigant has been given notice and an

17 opportunity to be heard; (2) develop an adequate record for review; (3) make specific findings

18 about the nature of the plaintiff's litigation; and (4) narrowly tailor the vexatious litigant order to

19 the specific vice encountered. <u>See</u> <u>De Long v. Hennessey</u>, 912 F.2d 1144, 147-48 (9th Cir.

20 1990). As noted above, the PACER list accompanying defendant's motion does not provide any

21 detailed information about the cases on that list. Therefore, the court is unable to develop an

22 adequate record for review or make any specific findings about plaintiff's other cases. As to the

---

[1] Defendant requests that the court take judicial notice of these records. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967). Therefore, defendant's request should be granted.

2

current action, the court concluded in its February 19, 2009, order that plaintiff has a reasonable opportunity to prevail on the merits if the allegations are proven.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 21) be denied and that defendant be required to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE