IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,        No. CIV S-08-1319-CMK-P

    Plaintiff,

  vs.        ORDER

ALBONICO,

    Defendant.

                            /

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

       On May 12, 2009, defendant filed a motion to dismiss this action. In his motion, defendant argued that the case should be dismissed pursuant to 28 U.S.C. § 1915(g) because plaintiff had three or more prior "strikes," thereby rendering him ineligible to proceed in forma pauperis. On June 26, 2009, the court issued findings and recommendations addressing

/ / /

/ / /

defendant's motion.[1] In those findings and recommendations, the court stated as follows:

> As to plaintiff's in forma pauperis status, defendant cites 28 U.S.C. § 1915(g) which provides, in pertinent part, as follows:
>
>> In no event shall a prisoner bring a civil action . . . under this section if the prisoner was, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United Sates that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Defendant asserts that plaintiff has three prior "strikes," referring to court records in Claiborne v. Chrones, C.D. Cal. Case No. 04-CV-9095, Claiborne v. Stevens, N.D. Cal. Case No. 06-CV-0212, and Claiborne v. Arenas, N.D. Cal. Case No. 02-CV-5025. (footnote regarding judicial notice omitted). The first of these cases – Claiborne v. Chrones – was a habeas corpus petition which was dismissed as successive and frivolous. The other two cases were civil rights actions. Based on these three cases, defendant argues that the burden shifts to plaintiff to establish why § 1915(g) should not apply.
>
> The court finds that defendant has not met his initial burden of identifying three qualifying "strikes" under § 1915(g). Specifically, a dismissed habeas petition does not count as a "strike" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). While defendant attaches a PACER list of 14 cases plaintiff has filed in federal court, he does not identify how those actions were resolved such that the court could conclude they should count as "strikes."

Based on the foregoing, the court recommended that defendant's motion be denied.

Defendant filed objections to the findings and recommendations on July 15, 2009.[2] In his objections, defendant asks the court to take judicial notice of additional § 1983 cases filed by plaintiff which were dismissed for failure to state a claim and, thus, constitute the required third "strike" under § 1915(g).[3] Because defendant has now met his burden of

---

[1] At that time, plaintiff had consented to Magistrate Judge jurisdiction, but defendant had not and the matter was also assigned to a District Judge.

[2] At the same time, defendant consented to Magistrate Judge jurisdiction. The matter was assigned to the undersigned for all purposed on July 28, 2009.

[3] Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Therefore, the court will take judicial notice of all the cases listed in his initial motion to dismiss as well as his objections to the court's

2

identifying three or more "strikes," the court agrees with defendant that plaintiff is not entitled to proceed in forma pauperis in this action.

The court also agrees with defendant that revocation of in forma pauperis status mandates dismissal of the action without prejudice to re-filing upon pre-payment of the full statutory filing fee. In <u>Tierney v. Kupers</u>, the Ninth Circuit reviewed a district court's dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. <u>See</u> 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." <u>Id.</u> at 1311. Similarly, in <u>Rodriguez v. Cook</u>, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. <u>See</u> 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."[4]

Based on these authorities, the court agrees with defendant that prisoner plaintiffs who are subject to the "three strikes" provision must pre-pay the filing fee and that "post-payment once defendants identify a section 1915(g) violation" is not acceptable. This conclusion is consistent with the conclusion reached in at least three other circuits. In <u>Dupree v. Palmer</u>, the Eleventh Circuit held that revocation of in forma pauperis status under § 1915(g) mandated dismissal. <u>See</u> 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner

---

findings and recommendations.

[4] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed. Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed. The Ninth Circuit did not address this problem.

cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See <u>Adepegba v. Hammons</u>, 103 F.3d 383 (5th Cir. 1996); <u>In re Alea</u>, 86 F.3d 378 (6th Cir. 2002).

        Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on June 26, 2009, are vacated;
2. Defendant's motion to dismiss (Doc. 21) is granted;
3. Plaintiff's in forma pauperis status is revoked;
4. This action is dismissed without prejudice to re-filing with pre-payment of the full statutory filing fee;
5. All other pending motions are denied as moot; and
6. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 18, 2009

                                                                                         */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE