IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GERALD CLAIBORNE,   No. CIV S-08-1319-CMK-P

    Plaintiff,

  vs.   ORDER

ALBONICO,

    Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Final judgment of dismissal was entered on August 19, 2009. Pending before the court is plaintiff's motion for reconsideration (Doc. 36).[1]

/ / /

/ / /

/ / /

---

[1] Plaintiff seeks reconsideration by a District Judge. Because all parties consented to Magistrate Judge jurisdiction and the matter was reassigned to the undersigned for all purposes, plaintiff is not entitled to have this matter heard by a District Judge. Plaintiff may, if he seeks further review of the court's order dismissing the action, appeal the court's judgment to the Ninth Circuit Court of Appeals.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than ten days after entry of the judgment.[2]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

/ / /

/ / /

/ / /

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[3] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1   Under Rule 60(b), the court may grant reconsideration of a final judgment and any
2   order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
3   newly discovered evidence which, with reasonable diligence, could not have been discovered
4   within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an
5   opposing party. A motion for reconsideration on any of these ground must be brought within a
6   reasonable time and no later than one year of entry of judgment or the order being challenged.
7   See Fed. R. Civ. P. 60(c)(1).

    In this case, the court dismissed plaintiff's action pursuant to 28 U.S.C. § 1915(g)
    because he had three or more prior actions dismissed for failure to state a claim, which required
    revocation of plaintiff's in forma pauperis status. In its dismissal order, the court stated:

> The court also agrees with defendant that revocation of in forma pauperis status mandates dismissal of the action without prejudice to re-filing upon pre-payment of the full statutory filing fee. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee." (footnote omitted).
>
> Based on these authorities, the court agrees with defendant that prisoner plaintiffs who are subject to the "three strikes" provision must pre-pay the filing fee and that "post-payment once defendants identify a section 1915(g) violation" is not acceptable. This conclusion is consistent with the conclusion reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that revocation of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

1         In his motion for reconsideration, plaintiff appears to argue that the court failed to consider his argument that the "imminent danger" exception applied in his case. Section 1915(g) provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner was, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United Sates that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, the statute provides for an exception where the prisoner alleges imminent danger of serious physical injury. In this case, plaintiff argues that the pain and suffering he experienced as a result of defendant's alleged conduct constitutes the requisite imminent danger. Plaintiff is incorrect because any damages he suffered in the past do not indicate a threat of imminent danger in the future.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 36) is denied.

DATED: September 25, 2009

                                                          /s/ Craig M. Kellison
                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE